EMMA D. VAN VLECK AND HELEN D. ADAMS, EXECU-TRICES, ETC., OF PATRICK DICKIE, DECEASED, APPELLANTS, *v.* HELEN D. LOUNSBERY, LOUIS B. ADAMS AND BESSIE H. ADAMS, RESPONDENTS, IMPLEADED WITH SERENA D. TURRELL AND OTHERS.

*Executors' accounting — when an increase in the value of securities or real property goes to the credit of principal and not to that of income.*

APPEAL from portions of the decree of the surrogate of the county of New York settling the accounts of the appellants as executrices of the estate of Patrick Dickie, deceased.

The appeal has been taken so far as it is now before the court, from so much of the decree of the surrogate as disposed of two items contained in the account of the executrices.

The court, at General Term, after holding that the decision of the surrogate as to one item was correct said : " The other item is the sum of $1,300 obtained upon the sale of premises, the title to which was derived by the executrices under a foreclosure of a mortgage owned by the testator amounting to the sum of $8,000. It has been insisted on the part of the executrices that this excess of $1,300 over the principal of the mortgage should be applied and credited as so much income of the estate. It was not made to appear by proof that this excess, or any part of it, con-

sisted of interest or income from the mortgage itself, but it was made to appear that up to the time when the property was sold and conveyed the rents derived from it were applied and credited to the income of the estate. In that manner the parties entitled to the income enjoyed all the benefit and advantage which they could legally claim from the existence of the mortgage. They received the interest from it while it remained in fact a mortgage, and the rents and profits of the property itself after the foreclosure and a title had been obtained under it. The difference in controversy consequently arose from the enhanced value of the property itself. It was no part of its rents or profits, but it was caused by its advance in value beyond the sum for which it had been purchased at the foreclosure sale, and when it was sold its entire proceeds belonged to the principle of the estate.

"If the property is to be regarded as real estate, then no possible ground of doubt as to the disposition of this difference can arise, for the money derived was the purchase-price of that property. But if the land after the foreclosure is to be regarded as personal property for the reason that the mortgage was a portion of the personal estate of the testator, as may very well be done under *Valentine* v. *Belden* (20 Hun, 537) and *Lockman* v. *Reilley* (95 N. Y., 64), no difference will be created in the rights of the parties. For as the personal estate has received the advantage of the interest accruing upon the mortgage, and the rents derived from the property after the foreclosure, the difference then would consist in the enhanced value of the security itself in the condition in which it had been placed. And as such, that enhanced value being the increased value of the principal, would belong to the principal of the estate. The case would then be the same as though the mortgage had not been foreclosed, but had been sold for the sum of $9,300, in which event the proceeds would properly be accountable for as a part of the principal and not a part of the income of the estate."

*David Thurston*, for the appellants.

*George C. Holt* and *Thomas Harland*, for the respondents.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Decree affirmed, with costs.